Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 23 2023

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ , DEPUTY

**LAMARIO D. STILLWELL**

V.

AUSTIN PIERATT & PIEARTT LAW PLLC
PROFESSIONAL CAPACITY

JOSH HOLLOWAY (OKHCA) ATTORNEY
INDIVIDUAL CAPACITY/PROFESSIONAL CAPACITY

GEICO SECURE INS. CO., AS A CORP.

TRADERS SECURE INS. CO., AS A CORP.

AMERICAN MERCURY INS. CO., AS A CORP.

ANTHONY JACKSON (OKCSS) ATTORNEY
PROFESSIONAL CAPACITY

PROGRESSIVE NORTHERN INS. CO., AS A CORP.

DISTRICT 2 OK COUNTY COMMISSIONER, BRIAN MAUGHAN
PROFESSIONAL CAPACITY

DIRECTOR OF MEDICAID, REBECCA PASKTERNIK-IKERD
PROFESSIONAL CAPACITY

OKDHS DIRECTOR, DEBORAH SHROPSHIRE
PROFESSIONAL CAPACITY

OKCSS DONNA AUTER
PROFESSIONAL CAPACITY

OKCSS DIRECTOR, RENEE BANKS
PROFESSIONAL CAPACITY

JUDGE DONALD ANDREWS
INDIVIDUAL CAPACITY

CASE NO. CIV-23-261-D

CAUSES OF ACTION

MULTIPLE CIVIL RIGHTS VIOLATIONS

ACTING UNDER COLORS OF STATE

LAW. FRAUD ON THE COURT, GROSS

NEGLIGENCE. SEVERE CASE OF COUNTY

SUBDIVISION FAILURE TO TRAIN

EMBEZZLEMENT BY FORMER ATTORNEY

BREACH OF FIDUCIARY SEVERE CASE. DUTY

ALSO PURSUANT TO RICO ACT.

INSURANCE FRAUD.

## CERTIFIED COMPLAINT

|P1. COMES NOW, I Lamario Dewayne Stillwell SUIS Juris, (hereinafter known as Mr.

1

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-303-9045
Signature

Stillwell), to bring this lawsuit constitutional tort claim against Monell CLAIM,436 us @ 691.98s (about 11 an CT 2036. sections opportunity to respond or 9.1,9.6 of title 42 §1983. Acts of violations Mr. Stillwell's. Protective rights. While acting under Color of law Trespass And infringed on Mrs. Stillwell. Rights protected under the United States Constitution Mr. Stillwell also brings claims pursuant to the Rico act passed in 1970. Organized crime such as fraud upon a court, insurance fraud, embezzlement, and Civil rights of the First, Fifth, Ninth, and Fourteenth Amendments were violated under the color of law. Other violations were fraud upon the court, abuse of process, intent to do irreparable harm, insurance fraud, and lack of jurisdiction.

₱2. The defendant in this case is Donald Andrews (hereinafter known as Judge Andrews), who at all relevant times was a judge in the Superior Court of Oklahoma County and acted as a final policymaker for the county in matters related to judicial proceedings and decisions acted under the color of State law. The acts of Donald Andrews in his capacity as a judge in the Superior court of Oklahoma county, is liable for his actions as policymaker official. Donald Andrews by abuse of process and custom policy acted directly and without regard for human life. His actions were malicious that he implemented. He used unconstitutional policies in every court proceeding using his judicial authority. As a judicial officer of the court, he is required to be impartial and fair while upholding the standards of his judicial duties. Mr. Stillwell had a right to be heard. Judge Andrews by his use of his own custom policies, has caused Mr. Stillwell. insufferable damage. These acts violated

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-364-9045
Signature

Mr. Stillwell's Constitutional rights under the 1st, 5th, and 14th, Amendments. The right to redress, the right to due process in court and my equal protection of rights under the law. Judge Andrews violated Mr. Stillwell's constitutional rights by denying his motions for discovery and an opportunity to readdress his grievances against the insurance companies for failing to produce relevant evidence and documents. Mr. Stillwell had a constitutional right to obtain such records. Judge Andrews granted summary judgment to Progressive insurance company, and enforced settlement against Mr. Stillwell through Traders insurance and the other insurance companies without giving Mr. Stillwell discovery of evidence.

**P3.** On September the 22nd, 2022, Judge Andrews dismissed American Mercury insurance company with prejudice based on a fraudulent claim and court proceeding. Judge Andrews also allowed Mr. Stillwell's former attorney Austin Pieratt to represent American Mercury insurance on September 22, 2022 for interpleader proceedings without Mr. Stillwell knowing what was going on. Judge Andrews also refused to allow Mr. Stillwell's countermotion for summary judgment as well. Judge Andrwes also issued a final judgment that was contrary to the law and facts without Mr. Stillwell's knowledge until after court was dismissed that day. Judge Andrews acted under color of state law when he committed these acts as a judge of the Superior Court of Oklahoma County.

**P4.** Judge Andrews acted as a final policymaker for the county when he committed these acts because he had discretion and authority to make judicial decisions that were not

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-364-9045
Signature

subject to review or reversal by any other county official or body. Judge Andrews' acts

were done pursuant to an official policy or custom of the county that encouraged or

condoned judicial misconduct, bias, corruption, fraud, and abuse of power, which is  a

direct and proximate result of Judge Andrews' acts.  The final unconstitutional custom

policy Judge Andrews enforced on Mr. Stillwell was the prohibition of his right to redress

and dismiss three insurance companies while ignoring Mr. Stillwell's right to be heard on

Sept. 8th and 22nd, 2022. Judge Donald Andrews as custom policy maker enforced

unconstitutional policies with all his authority without any due diligence as Superior Court

judge. He rendered a favorable judgment for Traders insurance knowing that they broke the

law and dismissed them with prejudice, giving everything to them. The policymaker

willfully, knowingly, deprived Lamario Dewayne Stillwell of his rights under Section 1983

Claim Against Local Governing Body. Based on these acts, Mr. Stillwell was deprived of a

federal constitutional or statutory right. The deprivation was caused by Donald Andrews'

act or omission pursuant to an official policy or custom adopted or maintained or forced

upon Stillwell by the procedures and its correction was decided before Mr. Stillwell could

even step into the courtroom of the governing body. The official policy or custom was

established by Judge Andrews with final policy making authority for Oklahoma county

district court.

¶5. Mr. Stillwell is a natural born citizen domiciled in the land of Oklahoma, in Kay county.  He

is  from the family name Stillwell, vessel agent, and beneficiary of trust in this action.

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.com
Phone: 580-304-5045
Signature_____

¶6. The defendant Austin Pieratt & Pieratt Law PLLC (hereinafter known as Pieratt) is a law firm located in Oklahoma City, Oklahoma. Pieratt was hired by Mr. Stillwell to represent him in a personal injury case arising from a car accident that occurred in August and September of 2021. Pieratt breached his contract with Mr. Stillwell by not communicating with Mr. Stillwell about pertinent information in the case. Mr. Pieratt failed to thoroughly explain to Mr. Stillwell what subrogation was and what Mr. Stillwell's options were with subrogation or negotiations. Mr. Pieratt also tried to collect more attorney fees than stated in the contract which makes the contract void because it was not the amount agreed upon in the original contract.

¶7. The defendant State of Oklahoma ex rel., Department of Human Services (hereinafter known as OKDHS) is a state agency that provides social services to the citizens of Oklahoma. OKDHS has been in violation of Mr. Stillwell's civil rights and has broken many state and federal laws. Mr. Stillwell spoke with Renee Banks, Director of OKDHS Child support about his concerns with his case after firing Mr. Pieratt and she chose to implement policies that were unconstitutional by having Donna Auter, send Mr. Stillwell an email demanding an outrageous amount of child support. This is insurance fraud and embezzlement because it is in regards to insurance money. Due to her being a policy maker, she enforced an unjust cause and her staff followed her orders to intimidate and refuse to release Mr. Stillwell's funds that were taken illegally. To date, they have not provided proper proof of liens, even after being requested by Mr. Stillwell in affidavits and in court. State Attorney Anthony L. Jackson, with intent to do

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-304-9045
Signature

irreparable harm, filed an illegal course of action, by filing this proceeding originally in family court under FD2005-5739, knowing that it should have been in civil court. He used a 2005 case number of Nicole Maxwell. He did this to get a favorable judgment because he is used to being seen in family court. Judge Barry Hafar dismissed this action because of jurisdiction. This shows Mr. Jackson's intent to do Mr. Stillwell harm and defraud him and the court.

¶8. The defendant Oklahoma Health Care Authority (hereinafter known as OHCA) is a state agency that administers Medicaid and other health care programs for low-income Oklahomans. OHCA has been unlawfully billing Mr. Stillwell for medical services that he did not receive or authorize. Attorney Josh Holloway who represents OKHCA, acted in bad faith and insurance fraud by allowing Mr. Pieratt to draft up another settlement offer to Progressive insurance for more than the amount that was previously negotiated with Mr. Stillwell and OHCA when the check had already been cut. This also shows bad faith because at the time of this occurrence, Mr. Pieratt was fired and Mr. Holloway knew this. Mr. Holloway also violated the privacy act by knowingly using emails that showed confidential information about the case and Mr. Stillwell's information forwarded to Mr. Pieratt, after knowing Mr. Pieratt was fired.

¶9. The defendants Geico Secure Insurance Co., and American Mutual that have been involved in Mr. Stillwell's personal injury case or child support case in some capacity. They are in violation of bad faith and privacy act violations, as well as insurance fraud. They have been involved in illegal court actions and are in violation of Mr. Stillwell's civil rights. They have also violated the covenant of good faith and fair dealings clause.

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-204-9045
Signature

## JURISDICTION

**P10.** Mr. Lamario Stillwell claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution. Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fifth, Ninth and Fourteenth Amendments of the federal Constitution, by Donald Andrews under color of law in his/her capacity as a judge in the Superior Court of Oklahoma County. Lamario-Dewayne:Stillwell, (as defined by Title 8 Section 1101 (23) Administrator and Beneficiary as well as holder in due course of the vessel LAMARIO DEWAYNE STILLWELL (an Oklahoma corporation) and is not an attorney, so he may be heard by the court in this case, in testimony and may be known through his written word when such is sworn under oath or affirm and attest under penalty of perjury.Lamario-Dewayne:stillwell, is claiming to be a Persona Progeria Sui Jurist litigant (Claimant); allegations such as those asserted by Claimant(s), however in artfully decreed, Lamario-Dewayne:Stillwelsufficient... which we hold to less stringent standards than formal pleadings drafted by lawyers. Haines –vs.- Kenner, 404 U.S. 519 (Reversed & Remanded), and Woods –vs.- Carey, 525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona, see Kay –vs.- Earlier, 499 U.S. 432. ".Supreme Court case Luther versus Borden cited at 48 US 1 12 Led 581 (1849)..

7

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.com
Phone: 580-304-9045
Signature

## VENUE

P11. The venue is proper in this Disintegrant to 28 U.S.C. §1391(b)(2) because a substantial part
of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.
The venue is further proper in this District under 18 U.S.C. § 1965(a) because each defendant is
found and/or transacts his affairs in this Districtc The venue is also appropriate in this District
according to 28 U.S.C. § 1391(c)(1)(2).

## PARTIES

Austin Pieratt and Pieratt Law, PLLC- 512 NW 12th Street, Oklahoma City, Ok 73103

Josh holloway (OKHCA) attorney- P.O Drawer 18497, Oklahoma City, Ok 73154-0497

Geico Secure Ins. Co.- Gerard F. Pignato, Braden W. Mason , Ryan Whaley, Attorneys
400 North Walnut Ave., Oklahoma City, Ok 73104.

Traders Secure Ins. Co.- Christine B. McInnes, Michael G. McAtee, Attorneys
410 NW 13th Street, Oklahoma City, Ok 73103

American Mercury Ins. Co.- Kaitlyn O'Hara Attorney BREETOI, LUTZ 7 STEELE
P.O Box 10790 Santa Ana, CA 92711-0790.

Anthony L. Jackson (okcss) Attorney-P.O Box 248822 Oklahoma City, Ok 73124-8822

Progressive Northern Ins. Co.-Christopher C. King, Bradley E.Bowlby Attorneys
1800 S. Baltimore Ave. Ste. 550 Tulsa, Ok 74119

District 2 Ok County Commissioner, Brian Maughan-320 Robert S. Kerr Ave. 3101
Oklahoma City, Ok 73102

Director of Medicaid, Rebecca Paskternik-Ikerd
4345 N. Lincoln Boulevard, Oklahoma City, Ok 73105

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmaile.om
Phone: 580-304-9045
Signature

## PARTIES CONTINUED

OKDHS director, Deborah Shropshire
2400 N. Lincoln Blvd. Oklahoma City, Ok 73105

OKCSS Donna Auter
2409 N. Kelley Ave. Oklahoma City, Ok 73112

OKCSS Director, Renee Banks
2409 N. Kelley Ave. Oklahoma City, Ok 73112

Judge Donald Andrews
321 Park Ave., Rm 359, Oklahoma City, Ok. 73102

## VIOLATIONS

¶12.    Ex parte Seidel, 39 S.W. 3d221, 225 (Tex. Crim. App. 2001), Ex parte Spaulding, 687

S.W.2d at 745 (Teague, J., concurring). A party affected by VOID judicial action need not

APPEAL. State ex rel. Latty, 907 S.W.2d at 486. This cannot be ignored, it's a fact recorded! A

void judgment which includes a judgment entered by a court which lacks jurisdiction over the

parties or subject matter, or lacks inherent power to enter the particular judgment, or an order

procured by fraud, can be attacked at any time, in any court, either directly or collaterally,

provided that the party is properly before the court. See Long v. Shorebank Development Corp.,

182 F.3d 548 (C.A 7 III. 1999).

¶13.    Judge Andrew's rulings, in this case, should all be considered void and null, due to the

improper procedures followed by bias displayed by Judge Andrews for Traders, not allowing Mr.

Stillwell his due process by not letting him plead his case, ignoring Mr. Stillwell's exhibits. On

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-304-9045
Signature:

09/08/22 (First court date), Mr. Stillwell made a special appearance in front of Judge Andrews. Mr. Stillwell was denied discovery by all parties before or to this court date. After asking Mr. Stillwell if he wanted to pursue the insurance companies for negligence, and Mr. Stillwell affirmed, Judge Andrews then commented "well I guess we are going to have to have an evidentiary hearing."

**¶14.** Then he leaned forward and said, "Well I guess we're filing interpleaders." Traders' insurance stated that they would not because they were staying with their enforced settlement. The rest of the insurance companies involved said yes. Following court, Mr. Stillwell was made aware that Judge Andrews dismissed Progressive Northern Insurance's motion to dismiss, and incorporated it into an interpleader with prejudice. As a result of Judge Andrews's actions, this revoked Mr. Stillwell's right to pursue negligence against Progressive Northern Insurance, even though he had been made aware in court that Mr. Stillwell planned to do so. On 09/22/2022, Mr. Stillwell again appeared in front of Judge Andrews for enforced settlement for Traders Insurance, Austin Pieratt's amended summary of the judgment, and Mr. Stillwell's counter-motion for a summary of the judgment, motion, and brief to dismiss. Judge Andrews enforced Traders Insurance's motion to enforce the settlement, he ignored Mr. Stillwell's summary of judgment that included proof of illegal activities involving all parties), however, he took the word of Christine McInnes, attorney for Traders Insurance as an adjudicated fact, even though Mr. Stillwell asked for proof. Judge Andrews allowed Mr. Pieratt who is Mr. Stillwell's former attorney to appear for American Mercury Insurance, to allow another interpleader which

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-304-9045
Signature

Mr. Stillwell was not made aware of until three hours after court when Mr. Pieratt sent Mr.

Stillwell an email. That day he ordered all funds from the settlements to be deposited with the

County Clerk's Office until adjudication.

¶15. This act is one of the many acts of fraud in the court whenever Any officer of the court

commits fraud during a proceeding in the court that officer has engaged in 'fraud upon the court

', in *Bulloch v. United States,763 F.2D,1115,1121. (10TH CIR.1985)* The court stated fraud

upon the court is directed at the judicial machinery itself and is not fraud between the parties or

fraudulent documents or false statements or perjury… it was the court or an officer is corrupted

influence or influence is attempted or where the judge has not performed his judicial function

—thus were the important functions of the court have directly corrupted

¶16.   First Amendment states, "Congress shall make no law respecting an establishment of

religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the

press; or the right of the people to peaceably assemble, and to petition the Government for a

redress of grievances." Violated states have no greater power to restrain individual freedoms

protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffri,

105 S Ct 2479; 472 US 38. (1985). Loss of First Amendment Freedoms, for even minimal

periods, unquestionably constitutes irreparable injury. Though First Amendment rights are not

absolute, they may be curtailed only by interests of vital importance, the burden of proving

which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976). Gross v.

State of Illinois, 312 F2d 257; (1963). State Judges, as well as federal, have the responsibility to

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

respect and protect persons' fermions of federal constitutional rights. Clearfield Trust Co. v.

United States 318 U.S. 363-371 (1943).  To date, Mr. Stillwell has not been given his day in

court to speak on his behalf and redress his grievances.

**¶17.  The 14th Amendment of the United States Constitution** gives everyone a right to due

process of law, which includes judgments that comply with the rules and case law. Most due

process exceptions deal with the issue of notification. If, for example, someone gets a judgment

against you in another state without your having been notified, you can attack the judgment for

lack of due process of law. In Griffen v. Griffin, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 a 1

## EVIDENCE OF FRAUDULENT MISREPRESENTATION

**¶18.**     Under Oklahoma law, to assert both a claim for fraud and a claim for breach of contract,

the claims must be distinct. Brown v, Elephant Talk Comms. Corp., CIV-18-00902-PRW, 2020

WL 7220793, at *8 (W.D. Okla. Dec. 7, 2020); McKnight v. Marathon Oil Co., CIV-17-

00264R, 2017 WL 1628981, at *2 (W.D. Okla. May 1, 2017). Mr. Pieratt is also guilty of this

offense cause continued to communicate and try to negotiate deals with the other parties after

being terminated. In the instant matter, the individuals acting under the color of state law in the

instant matter have engaged in false and fraudulent representations of entitlements to unverified

and unsubstantiated amounts of interest with the intent to deceive. As a direct and proximate

cause of the Plaintiff's misconduct complained of in the instant matter, Defendant has suffered

economic and non-economic damages in an amount to be determined in a trial by jury

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-324-8045)
Signature

specifically from the financial hardship deprivation of funds caused by Austin Pieratt & Pieratt Law, PLLC in the instant matter.

## FALSE CLAIMS ACT, 31 U.S.C. § 3729, TO FEDERAL RULE CIVIL PROCEDURE

¶19.  (1) All statements made herein of the party's own knowledge are true, all statements made therein on information and belief are believed to be true, and all statements made therein are made with the knowledge that whoever, in any matter within the jurisdiction of the Office, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact, or knowingly and willfully makes any false, fictitious, or fraudulent statements or representations, or knowingly and willfully makes or uses any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry, shall be subject to the penalties set forth under 18 U.S.C. 1001 and any other applicable criminal statute, and violations of the provisions of this section may jeopardize the probative value of the paper; and

¶20.  (2) To the best of the party's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (i) The paper is not being presented for any improper purpose, such as to harass someone or to cause unnecessary delay or needless increase in the cost of any proceeding before the Office; (ii) The other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (iii) The

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (iv) The denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on a lack of information or belief. (emphasis added).

¶21. Thus, a violation of the certification required by 37 CFR § 11.18(b)(1) for an act such as willfully making false or fraudulent statements could subject the violator to, e.g., criminal perjury or criminal fraud charges.

¶22. All parties violate 13 U.S Code § 221, for refusing or neglecting to answer questions (affidavits, liens, discovery request). Mr. Stillwell has turned in multiple affidavits to which no parties have replied. Mr. Stillwell has also asked for the following and everyone has neglected to respond.

1. Oath of Office [Title 5 U.S.C § 3331]

2. Officer Affidavit [Title 5 U.S.C § 3332]

3. Employee Affidavit [Title 5 U.S.C § 3333]

4. Surety Bond [Title 5 U.S.C § 2901]

5. Registration [Title 22 U.S.C § 611 & 612]

6. Denial of Rights Letter [18 U.S.C § 242; 18 U.S.C. § 245; U.S.C. § 1983]

¶23. Whoever, having taken an oath before a competent tribunal, officer, or person, in any

14

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

case in which a law of the United States authorizes an oath to be administered, willfully

and contrary to such oath states or subscribes any material matter which he does not

believe to be true, is guilty of perjury and shall be fined no more than $2,000.00 or

imprisoned not more than five years or both [18 USC §1621][18 USC 1651] Piracy under the

Law of Nations; Whoever on the high seas commits the crime of piracy as defined by the Family

of Nations and is afterward brought into or found in THE UNITED STATES shall be imprisoned

for life.

## FRAUD UPON THE COURT

¶24.  Fraud on the court, or fraud upon the court, refers to a situation in which a material

misrepresentation has been made to the court. Alternatively, the term could be used to refer to a

situation in which a material misrepresentation has been made by the court itself. The overall

defining requirement is that the impartiality of the court has been disrupted so significantly that it

cannot perform its tasks without bias or prejudice.

¶25.  Some common examples of fraud on the court include, but may not be limited to Fraud in

the service of court summons, such as withholding a court summons from an entitled party

Corruption or influence of a court member or official, such as bribery Judicial fraud;

Intentionally failing to inform the parties of necessary appointments requirements, as an effort to

impede the judicial process; and/or schemes considered to be unconscionable, as they attempt to

deceive or make misrepresentations through the court system. It is important to note that fraud on

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

the court involves only court officials, or officers of the court, such as judges or court-appointed attorneys. The fraudulent activity must be directed at the "judicial machinery" itself. As such, fraud on the court generally does not mean

1. Fraudulent activity between the two opposing parties;

2. The submission of fraudulent documents; and

3. Perjury or false statements made by witnesses.

**¶26.** One of the most obvious examples of fraud in the court is the bribery of the judge or members of the jury, which causes the impartial functions of the court to be corrupted. Interestingly, fraud in the court is one of the only remedies in law that does not have a time limit to set aside the judgment that was obtained by the fraud in the court. Therefore, if bribery of a jury or judge is discovered many years after a judgment was declared, that judgment could still be reconsidered and set aside through fraud on the court claim. In the United States when an officer of the court is found to have fraudulently presented facts to the court so that the court is impaired in the partial performance of its legal task, the act, known as a fraud upon the court, is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitations. Officers of the court include…lawyers, judges, referees, and those appointed guardian ad litem, parenting time expeditors, mediators, rule 114 neutrals, evaluators, administrators, special appointees, and any others whose influence are part of the judicial mechanism up fraud the court has been defined by the 7th circuit court of appeals to

16

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

"embrace that species of fraud which does, or attempts to defile the court itself, or is the fraud

perpetrated by officers of the court so that the judicial machinery cannot perform in the usual

manner its impartial task of adjudging cases that are Gonzalez v. Commission on Judicial

Performance, 33 Cal. 3d 359, 371, 374 (1983). Acts in excess of judicial authority constitute

misconduct, particularly where a judge deliberately disregards the requirements of fairness and

due process. presented for adjudication.

¶27.    12/28/21- Austin Pieratt tried to charge Mr. Stillwell 50% on both claims and over $4,000

in additional fees, which was not in the agreed upon contract. On 1/31/21- Mr. Pieratt emailed

Mr. Jackson and told him to go ahead with the lawsuit. Why didn't Mr. Pieratt file his own

lawsuit then? This shows it was his intent to defraud Mr. Stillwell.

3/3/22- Mr. Stillwell emailed Mr. Jackson to make one last effort to rectify the situation and

offered $12,000 more than what was previously negotiated with Mr. Pieratt.

¶28.    3/7/22- Mr. Jackson replied by email to Mr. Stillwell and said at this time your offer has

been denied. When he rejected this offer, it shows that he had ill will toward Mr. Stillwell and

was premeditating to do Mr. Stillwell harm. It also shows that he did not want to settle his part

of the case, which shows that he did not act in good faith.

¶29.    3/10/22- Mr. Jackson filed an illegal cause of action against Mr. Stillwell. He was also

able to successfully present a cross-claim without any documentation in Mr. Piertt's suit against

Mr. Stillwell, without having shown proof of any liens as required under 43 OK Stat §135. This

statute states, "A judgment or order providing for the payment of current support or an arrearage

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-304-9045
Signature

of child support shall be a lien upon real property owned by the person obligated to pay support

or upon any real property which may be acquired by the person prior to the release of the lien.

Notice of the lien on real property shall be given by filing of a statement of judgment pursuant

to Section 706 of Title 12 of the Oklahoma Statutes with the county clerk of the county where

the property is located." Mr. Stillwell believes this is to defraud him  and cause him irreparable

harm because Mr. Jackson knows the extent of the injuries that Mr. Stillwell suffered and was

unable to work. By all parties continuing to file frivolous motions, this forces Mr. Stillwell to

take action and extends these proceedings, and Mr. Stillwell's relief.

¶30.    3/10/22- Mr. Jackson used Oklahoma County Court Clerk stamp to defraud Mr. Stillwell

and to authenticate his document which was filed under an FD case 2005-5739 and should have

been under a civil case. Also, by him knowing that the case number used was fraudulent because

it belonged to Nicole Maxwell for a 2005 case, but choosing to use it for this case in 2022, is a

violation of 18 USC Code § 1017, and shows his intent to defraud Mr. Stillwell and the court.

This shows abuse of power and to what extent he is willing to go. It also shows negligence on

behalf of Judge Hafar for allowing him to proceed with the fraudulent claim. Only to dismiss it

when Mr. Stillwell pointed out that the court had no jurisdiction in this case because the

controversy was a civil case with an amount over that of which he was authorized to rule on.

¶31.    3/17/22- Mr. Stillwell received by mail Mr. Jackson's fraudulent petition to compel to

comply court papers, but not the amended version that he should have received with case #FD

2005-5339. This shows insufficient process of service. On 3/17/22- Mr. Stillwell emailed Mr.

Jackson stating that he had been improperly served and that the case number could not be

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmail.com
Phone: 580-804-9045
Signature

correct because it was 2005 and the year was 2022. This shows no respect to Mr. Stillwell's right to due process. It also shows intent because Mr. Jackson knew he should have not used that case number, and that Mr. Stillwell was to get a correct copy of the amended paperwork.

¶32.  6/3/22- There was court in front of Judge Hafer for the compel to comply with the petition. It was dismissed on 6/8/22 with all subsequent filings, citing the wrong venue and that it was a civil matter. By knowingly showing up to this fraudulent cause of action against Mr. Stillwell, American Mercury Insurance, Geico Insurance, Traders Insurance, Oklahoma Health Care Authority, hereinafter known as) OKHCA's attorney Josh Holloway,  OKDHS's attorney Andrew Jackson, and Mr. Austin Pieratt, it proves conspiracy, insurance fraud under 18 U.S.C § 1033, fraud on the court, and conspiracy under 18 U.S.C § 371.

¶33.    6/8/22- Mr. Pieratt filed a lawsuit for breach of contract. This is a false cause of action due to the breach being on Mr. Pieratt's end, not Mr. Stillwell's. Mr. Pieratt did this to defraud Mr. Stillwell and to cause him irreparable harm. In his previous email to Mr. Jackson, Mr. Pieratt told Mr. Jackson that his firm was only interested in ⅓ net recovery and to waive all his administrative fees. However, Mr. Pieratt continues to try to receive gross fees instead of net and administrative fees. Along with filing frivolous motions to extend these proceedings and try to force Mr. Stillwell into giving up out of desperation.

¶34.    9/8/22- During this court Mr. Stillwell's right to due process, right to be heard, or to redress grievances with the insurance companies were violated. Judge Andrews ordered interpleaders and a dismissal of Progressive insurance company with prejudice, even after asking Mr. Stillwell if he was going to seek damages. Mr. Stillwell said yes, and when Judge

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature _____

Andrews made this decision, he took away Mr. Stillwell's right to seek remedy. This shows a malicious intent to violate Mr. Stillwell's right to due process.

¶35.   9/22/22- Judge Andrews took Traders Insurance Companies lawyers word that Mr. Stillwell had been made whole. When Mr. Stillwell asked where the proof was, the judge said that the lawyer had taken an oath to tell the truth. Mr. Stillwell has also taken an oath in court to tell the truth. By the judge taking her word for it, he showed bias. The judge did not look at all of the documents and signed off on a leave of court to amend, and then had court and refused to acknowledge the documents that he signed off on. He cannot take the lawyer's word for it because she does not have first hand knowledge as a witness to the fact.

## STATEMENT OF THE CASE

¶36.   Mr.Stillwell was involved in two motor vehicle accidents for which he was not at fault. The first accident occurred on August 23, 2021, and the second accident occurred on September 22, 2021. On September 19, 2021, Mr. Stillwell hired Austin pieratt Law, PLLC to  represent Mr. Stillwell in the first motor vehicle accident. They signed a contract stating Mr. Pieratt would receive ⅓ of the total of net recovery, and expenses on a contingency basis. (Exhibit 2) On September 23, 2021, Mr.Stillwell signed a contract with Mr. Pieratt for motor vehicle accident number two. (Hereinafter known as "MVA1 & MVA 2). This contract between Mr. Stillwell and Austin Pieratt, was for the same amount as MVA 1, for ⅓ total net recovery, and expenses on a contingency basis. (Exhibit 3)

20

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

¶37.  Pieratt has violated the terms of his contract with Mr. Stillwell, and is therefore in breach

of contract. Furthermore, Pieratt Law PLLC voided the agreement by failing to perform

according to the terms and conditions of the same and acting against the interests of the Plaintiff

while at the same time attempting to modify the agreement midway through the representation

by claiming more fees than they were owed. An email from Mr. Pieratt to Anthony L. Jackson,

specifically indicating that Mr. Pieratt's firm was only interested in ⅓ of total net recovery and

were waiving administration fees in the instant matter. Therefore showing that their claims to the

expenses are entirely unjustified and false.

¶38.  Mr. Pieratt failed to explain to Mr. Stillwell the laws regarding subrogation. He also did not

consult with Mr. Stillwell before making negotiations. Nor did he provide itemized billing for

Mr. Stillwell who requested it, which by law should be kept electronically so he should have

easily been able to provide it as requested. By doing this he was also in violation of 29 U.S Code

§ 1109.

¶39.  Mr. Pieratt had a fiduciary duty to be loyal and act with good faith on behalf of Mr.

Stillwell's interest. A breach of fiduciary duty has been found to call for punitive damages

because it is a breach of an implied common law duty created by the relationship rather than the

contract itself. Just as the term fraud is vague and lacking in objective content, so too is the

phrase "fiduciary relationship." Consequently, the finding of an implied fiduciary relationship is

haphazard, inconsistent, and unpredictable. Furthermore, it ignores the fact that the relationship

was created by, and is, the contract. Due to Mr. Pieratt's conduct throughout the entire case, Mr.

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

Pieratt displayed dishonestly and deceit such as on October 29, 2021. Mr. Pieratt sent Stillwell a text message asking him to forward an e-signed release for his settlement with Traders Insurance, which Mr. Pieratt never explained about subrogation. Mr. Pieratt also stated that he still needed to negotiate with the Oklahoma child support.

¶40.  On November 1, 2021, Pieratt informed Stillwell via text message that he could not negotiate with OHCA or CSS until Stillwell signed the Release, in which MR Stillwell signed a lease that he sent back via message back to MR. Pieratt. This shows Pieratt never had Stillwell's best interest in mind and engaged in unethical behavior Mr. Stillwell would like to bring the court attention to on( November 23, 2021 CSS liens child support to Mr. Pieratt shows proof of acceptance of negotiations for $28,503 $28,515 .03) On December 9, 2021, Pieratt sent Stillwell a text message informing him that he was waiting on negotiations with CSS on both motor vehicle accidents December 13, 2021, Stillwell called the DHS Support phone number to check on the status of the settlement negotiations. Stillwell was put on hold for over ten minutes just for the representative to get back on the line to inform Stillwell that they could not discuss his case with him personally, only with his attorney, Pieratt. Stillwell immediately called Pieratt with no answer. Mr. Stillwell sent Pieratt a text message regarding the matter. Pieratt responded that he had just got off the phone with DHS. Stillwell asked Pieratt why he had not been paid and once again, Pieratt stated he was waiting on CSS in both cases and said he would call Mr. Stillwell in the morning. On December 14,202, Mr. Stillwell sent a text message to Mr.Pieratt asking if he had heard anything on mva 1 . A few hours later Mr. Pieratt text back that he got

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

news on MVA 2 but not MVA 1, and that CSS(child support) dropped the ball. On December 15, 2021, Mr. Pieratt instructed Mr. Stillwell to sign releases for the second motor vehicle accident and Stillwell signed the same.McNally v. U.S., 483 U.S. 350 (1987). 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 (1987). Fraud in its elementary common law sense of deceit…

includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,… and if he deliberately conceals material information from them he is guilty of fraud.

¶41.    On December 17, 2021, A draft was shown to Traders Insurance, Mrs.Thompson, drafting instructions for settlement of MVA1. It shows a check payable to Oklahoma Child Support Registry for $14, 096.48. In which Traders Insurance broke the law by mailing all payments to Mr Pierett instead of the lien holders. They also included the gross fee 50 % for Mr. Pieratt instead of the 1/3 of total net recovery that is in the contract between Mr. Pieratt and Mr. Stillwell.On December 20, 2021, Mr. Pieratt informed Mr.Stillwell that the child support negotiation settlement had been reached in the first motor vehicle accident, and that all settlement checks had been ordered for both accidents. Mr. Pieratt then stated at that point that they were just waiting for the checks to arrive. Mr. Stillwell asked what dollar amount was CSS requesting. He replied, "$14,096.48" then sent drafts of the settlement breakdown for the first motor vehicle accident. show fraud on behalf of Geico Insurance and Mr. Pieratt. It will also show the only money Mr. Stillwell has received from these accidents are his two med pay checks in the amount of$ 666.67 each. Mr. Pieratt gave them to Mr. Stillwell on 11/11/2021 but Mr.

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

Pieratt dated them 11-12-2021.

¶42. 11-11-2022 Mr. Pieratt committed embezzlement by means of taking ⅓ out of each med pay check. Mr. Stillwell would have received the checks no matter what, that was pre-paid on the insurance policy, and Mr. Pieratt had no right to take that money because it was something that was not earned by Mr. Pieratt, again, Mr. Stillwell would have gotten that money regardless. On December 27, 2021, Pieratt informed Stillwell via text message that the checks had been delivered. On December 28, 2021, Mr. Stillwell met Mr. Pieratt at the Law Library of the Courthouse at Pieratt's request. Mr. Pieratt attempted to get Mr. Stillwell to sign off on illegal settlement drafts paying Pieratt more than the contract they both agreed to allow.

¶43. Mr. Pieratt also committed fraud under The False Claims Act by illegally concealing the fact that the true terms of our contract show he is to get ⅓ net recovery, not ⅓ gross, or 50% like he has previously claimed.

¶44. Austin Pieratt, Anthony Jackson, Josh Holloway, Attorneys for Geico Insurance, Attorneys for Traders Insurance, Attorneys for American Mercury Insurance, and Attorneys for Progressive Northern Insurance are all in violation of 37 CFR § 11.18(b). Which states, by presenting to the Office . . . (whether by signing, filing, submitting, or later advocating) any paper, the party presenting such paper, whether a practitioner or non-practitioner, is certifying that – Also on December 28, 2021, Pieratt advised Stillwell via text message that had advised CSS and Soonercare that there were money problems. AS a result of pieratt contacting css and sooner care to tie the funds up Stillwell, at that time, decided that Pieratt's unethical behavior in

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-384-9045
Signature

the handling of the settlement of his cases, the lack of his best interest in mind regarding

Stillwell's cases, and the fraud and deceit of attempting to change his percentage of settlement

from 1/3 of net recovery to 50% of gross recovery was too much and Stillwell verbally

terminated Pieratt as his legal counsel immediately, as he could no longer trust him, and

additionally sent a letter notifying Pieratt of the termination of his services.  Stillwell also sent

copies of the termination letter to all interested parties of this action notifying them of his

termination of Pieratt's legal *services.*

P45.   On December 30, 2021, Pieratt contacted Mercury Insurance to stop payment on a

settlement check that had been issued claiming to have made a mistake on the settlement

distribution, AFTER his termination by Stillwell and did so without Stillwell's approval or

permission. The act alone was ins fraud On January 5, 2022 Mr. Stillwell sent an email to the

Director of CSS stating that CSS is breaking the law by communicating with  stillwell ex

attorney after being  fired and css knew pieratt was no longer stillwell attorney  Stillwell

demanded to speak with the attorney state on his case  On January 5, 2022, the attorney for the

State of Oklahoma Department of Human Services, Anthony Jackson (hereinafter referred to as

"Jackson"), via email acknowledged that he was the appointed counsel for the State in Stillwell's

child support case. He acknowledged Pieratt's termination in a statement he made to Stillwell.

Jackson stated verbatim, "My understanding is that your former attorney has most recently

stated that your contract with his firm calls for payment of attorney fees equal to 1/3 of the gross

amount recovered." Mr. Jackson also requested that Mr. Stillwell send him copies of his contract

with Mr. Pieratt because Mr. Pieratt is claiming it is gross and Mr. Stillwell is saying NET

recovery. He also requested copies of settlements for OKHCA.

25

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

¶46.  On January 6, 2022, Jackson sent a mass email to CSS, OKHCA, as well as Stillwell's prior attorney, Pieratt, whom Stillwell had terminated at this point and Jackson was very much aware of said termination. Said email was clearly worded to make fun of Stillwell's attempts to make sense of what was happening with HIS cases that were generating funds for all parties involved. Knowing Pieratt was no longer involved in Stillwell's cases and had been terminated by Stillwell, Jackson should have been communicating solely with Stillwell individually at that point and not his PAST terminated attorney, Pieratt. Such communication is unethical and a violation of the Rules of Professional Conduct for attorneys on the part of Jackson and Pieratt.

¶47.  On January 7, 2022 Mr. Pieratt responded to Mr. Jackson's email request for a draft to be drawn up. Mr. Pieratt sent back a draft. This was fraudulent because Mr. Jackson knew Mr. Pieratt was no longer Mr. Stillwell's attorney, the new draft also had Mr. Pieratt's formerly dropped attorneys fees were again reinstated and for full gross recovery on January 7th, 2022 Donna Autter WC/PI Insurance Intercept Coordinator for Child Support Services. Shows an email of another illegal draft and inflated child support amount of $65,516 and stated that this will only be a good agreement for one month. This will also show that they continued to ignore my requests and violated the Privacy Act Law by continuing to forward my emails to my former attorneyOn January 3, 2022, and again on January 10, 2022. Stillwell re-notified all interested parties via email that Pieratt had been terminated on December 28, 2021, and any and all communication with Pieratt regarding Stillwell's case should be ceased immediately. On January 20,2022, Mr. Jackson again made notice that he knew Mr. Pieratt was no longer representing Mr. Stillwell. Mr.Jackson offered a fraudulent settlement of $55,000 because $43,869.28 was already

26

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-0045
Signature

negotiated on 11/23/210. On January 24, 2022, Jackson and Stillwell were under negotiations

under false pretenses by him knowing that Traders had already cut checks for motor vehicle one

case  on December 17, 2021, and illegally stacking both cases with Pieratt's inflation fees and

Stillwell would be remiss to say that in every illegal draft while trying to negotiate with DHS,

Mr. Jackson would always put the "gross" contract upon Mr. Pieratt's request.

¶48.  On January 25, 2022, after speaking with Traders Insurance, Stillwell retracted all

agreements made from negotiations between Stillwell's prior attorney, Pieratt, and Traders

Insurance.On January 25, 2022, Mrs. Thompson from Traders Insurance emailed Mr. Stillwell

the financial breakdown of the checks that were issued by Traders Insurance. This shows that

Traders failed to follow 36 On January 25, 2022, Mrs. Thompson from Traders Insurance

emailed Mr. Stillwell the financial breakdown of the checks that were issued by Traders

Insurance. This shows that Traders failed to abide by Oklahoma State Statute title 56 section

237B-Unfair Claims Settlement Practices Act. On January 31, 2022, Mr. Jackson by email stated

to Mr. Stillwell that he was going to file a legal action and let the court follow the law. Mr.

Stillwell has refused all negotiations because of fraud, stacking both cases when one was already

rendered. Mr. Jackson himself, in every draft tried to enforce Mr. Pieratt's illegal gross amount

attorney fees that were illegal because it was not the 1/3 net recovery amount agreed upon in the

contract, even after Mr. Pieratt stated he would waive his administration fees.On March

10,2022,Jackson filed an illegal third-party petition for Stillwell to compel or comply in Case

Number FD-2005-5739 in which he:Violated due process;Violated Stillwell's 1st, 9th, &

14th Amendment rights;Violated Stillwell's civil rights;Acted under color of law in which

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.com
Phone: 580-304-9045
Signature

Jackson acted outside of his authority; andViolated statutes of limitations.Illegally stacked both cases together  Still charging Pieratt's waived attorney feesFraudulently enforcing Pieratt's gross recovery fees when Net recovery is on the contract.

¶49.   On April 7, 2022, Stillwell filed an Affidavit in Oklahoma County Case No. FD-2005-5739, outlining certain aspects of fraud and bad faith that relate to the facts of this case. On May 2, 2022, Stillwell filed a DOJ Warning of Denial of Rights. On May 2, 2022, Stillwell filed two additional Affidavits in Oklahoma County Case No. FD-2005-5739, outlining facts that relate to this case. On May 31, 2022, Stillwell filed proof of signature and undertaking agreement and the responsibility of the state under 42 USC Sec. 654(3), to provide proof of undertaking/obligation agreement to which the state failed to reply or take notice. On June 3, 2022, Stillwell appeared in Court. The Judge rendered to enforce a lien in which there was no proof. No proof of the lien itself or undertaken. Special Judge Barry Hafar was not legally allowed to preside over a case such as Stillwells. All parties, with the exception of Progressive, acted and were a party to fraud amongst many others.

¶50.   On June 10, 2022, the compel to comply case filed by Jackson was dismissed. By Jackson's actions in bad faith as well as Pieratt acting in bad faith and unethically, what entitled these parties file lawsuits and counterclaims against Stillwell? Every insurance company that is a party to this case, except Progressive, acted knowingly in bad faith and committed fraud and deprivation of rights against Stillwell. Conspiracy, which is an intentional tort, "'consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means.'" Schovanec v. Archdiocese of Okla. City, 188 P.3d 158, 175 (Okla. 2008) (quoting

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.om
Phone: 580-304-9045
Signature

Brock v. Thompson, 948 P.2d 279, 294 (Okla. 1997)). The essential elements are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Id. (internal quotation marks omitted); see also Roberson v. PaineWebber, Inc., 998 P.2d 193, 201 (Ok. Civ. App. 1999) ("A conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim.").

¶51.    Austin Pieratt & Pieratt Law, PLLC colluded with other parties to further their own interests while at the same time acting against the interest of the Defendant, Lamario Dewayne Stillwell, by informing third party entities confidential information pertaining the Defendant, Lamario Dewayne Stillwell, causing liens to be filed on the claim in addition to bringing in child support issues that would not have otherwise been raised but for the tortious conduct of Austin Pieratt & Pieratt Law, PLLC. Austin Pieratt & Pieratt Law, PLLC engaged in collusion with State of Oklahoma Department of Human Services in a civil conspiracy to deprive Stillwell of his civil rights and the due process of law to retaliate against Stillwell for asserting his rights as he is entitled to pursuant to their constitutional rights. Based on the foregoing, Pieratt engaged in collusion with Third Party Entities in breach of their agreement and obligations to Stillwell, causing substantial financial hardship and damages as well as violations of his civil rights.

## REQUEST FOR RELIEF

¶52.    FRCP RULE 60(B) provides that the court may relieve a party from a final judgment and sets forth the following six categories of reasons for which such relief may be granted: (1)

Lamario D. Stillwell
808 Kaylin Circle
Blackwell, Ok 74631

Email: lamariostillwell189@gmailc.com
Phone: 580-304-9045
Signature

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by

due diligence could not have been discovered in time to move for a new trial under Rule 59; (3)

fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a

judgment is void; (5) circumstances under which a judgment has been satisfied, released, or

discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that the judgment should have prospective application; or (6) any

other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1)-(b)(6).

To be entitled to relief, the moving party must establish facts within one of the reasons

enumerated in the Rule 60(b).

P53.  Mr. Stillwell is seeking any and all maximum relief whether punitive or compensatory

under the law pertaining to actions of all defendants in this case.


## EXHIBITS

1.      Affidavit "Exhibit 1"


Respectfully submitted

Lamario D. Stillwell UCC1-1308
All Rights Reserved
808 Kaylin Circle
Blackwell, Ok 74631
580-304-9045
Email: lamariostillwell189@gmail.com