## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

LAMARIO D. STILLWELL,                      )
                                           )
        Plaintiff,                   )
                                           )
v.                                         )        Case No. CIV-23-261-D
                                           )
AUSTIN PIERATT, et al,                     )
                                           )
        Defendants.                  )

## <u>ORDER</u>

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action which allegedly seeks relief for certain wrongs committed by multiple Defendants. Pursuant to the directives of 28 U.S.C. § 1915, the Court has reviewed the allegations of the Complaint [Doc. No. 1]. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> \*       \*       \*
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Further, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519, 520 (1972), requires a liberal construction of *pro se* complaints. However, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.      42 U.S.C. § 1983

Here, Plaintiff primarily purports to bring suit under 42 U.S.C. § 1983 against numerous Defendants alleging they deprived him of his constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments. In doing so, he seeks "any and all maximum relief whether punitive or compensatory," Compl. at 30, which the Court interprets as a request for monetary damages.

### A.      Defendant Andrews

Plaintiff first alleges constitutional violations by Defendant Andrews, a district judge in Oklahoma County. Judges, however, have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978). This doctrine has only two exceptions: "First, a judge is not immune from liability for . . . actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id*. at 12. To this end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id*.

To determine whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction," the courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362. Plaintiff alleges Defendant Andrews violated his federal constitutional rights when denying his discovery motions and

2

making other rulings throughout interpleader proceedings. These actions are clearly functions normally performed by a judge, and Defendant Andrews is therefore entitled to absolute judicial immunity and dismissal of the claims against him.

Additionally, in liberally construing Plaintiff's Complaint, it seems he may also seek to vacate Defendant Andrews' rulings, which action is precluded by the *Rooker-Feldman* doctrine. *See* Compl. at 29-23 (referencing a request for relief from final judgment). "*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). In other words, "when Congress vested the Supreme Court with appellate jurisdiction over state-court judgments, it implied that the lower federal courts lacked authority to review state-court judicial proceedings." *Id*. "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008).

### B.    State officials and employees

Plaintiff additionally names as Defendants Josh Holloway, Attorney with the Oklahoma Health Care Authority; Anthony Jackson, Attorney with Oklahoma Child Support Services; Brian Maughan, Oklahoma County Commissioner; Rebecca Paskternik-Ikerd, Director of Medicaid; Deborah Shropshire, Director of the Oklahoma Department of Human Services; Donna Auter, Director of Oklahoma Child Support Services; and

Renee Banks, Director of Oklahoma Child Support Services.[1]  Plaintiff brings claims against these Defendants in their official capacities, as well as a claim against Josh Holloway in his individual capacity.

With respect to the claims under § 1983 against the above-named Defendants in their official capacities, Plaintiff's claims fail for lack of jurisdiction. The Eleventh Amendment bars actions in federal court against States and state officials sued in their official capacities for money damages.  *See, e.g., Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." (internal quotation marks omitted)); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that a suit against an individual acting in an official capacity is properly treated as a suit against the State itself and "the Eleventh Amendment bars a damages action against a State in federal court").

While exceptions to immunity exist where a state consents to suit in federal court or where Congress has abrogated a state's sovereign immunity, *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012), neither of those situations exists here. Oklahoma has not consented to be sued in federal court and Congress has not abrogated

---

[1] Plaintiff states that Anthony Jackson, Donna Auter, and Renee Banks work for "OKCSS," which the Court understands to reference Oklahoma Child Support Services, a service of the Oklahoma Department of Human Services.  Additionally, the Court understands his reference to "Rebecca Paskternik-Ikerd, Director of Medicaid" to mean Rebecca Pasternik-Ikard, former Chief Executive Officer of the Oklahoma Health Care Authority and State Medicaid Director.

state sovereign immunity by creating a private right of action under § 1983. *Berry v. Oklahoma*, 495 F. App'x 920, 921-22 (10th Cir. 2012) (citing Okla. Stat. tit. 51, § 152.1; *Will*, 491 U.S. at 66). Thus, the State of Oklahoma is immune from suit brought under § 1983 and seeking money damages. And that immunity extends to arms of the State, including the agencies referenced in Plaintiff's Complaint, and to officials and employees thereof. As such, the above-named Defendants are entitled to Eleventh Amendment immunity from suit and Plaintiff's official-capacity § 1983 claims are dismissed.[2]

With respect to the individual-capacity claim against Josh Holloway, Plaintiff alleges that Defendant Holloway acted in bad faith, committed insurance fraud, defrauded Plaintiff through court proceedings, improperly used confidential emails, perpetuated fraud on the Court, conspired to defraud the United States, and violated regulations of the United States Patent & Trademark Office. *See generally* Compl. To state a valid § 1983 claim, however, Plaintiff must allege (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). None of Plaintiff's allegations against Defendant Holloway alleges any deprivation of Plaintiff's federal rights. Accordingly, the individual capacity claim against Defendant Holloway is also dismissed.

---

[2] The Court also notes that Plaintiff names Oklahoma County Commissioner Brian Maughan, Rebecca Pasternik-Ikard, and Deborah Shropshire as Defendants, but makes no allegations against them. *See generally* Compl. Plaintiff's failure to present any plausible allegations against these Defendants is an additional ground for dismissing the claims against them.

### C.      Private parties

With respect to claims brought against Defendants Austin Pieratt, Pieratt Law PLLC, GEICO Secure Ins. Co., Traders Secure Ins. Co., American Mercury Ins. Co., and Progressive Northern Ins. Co., Plaintiff has not adequately alleged these Defendants acted under color of state law. *Cf. id.* (stating that a valid § 1983 claim requires an allegation that the alleged deprivation was committed by a person acting under color of state law). These Defendants are private parties, not public officials or employees, and, thus, a valid claim against them requires an allegation that they "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (internal quotation marks omitted). To be sure, Plaintiff does state "the individuals acting under the color of state law in the instant matter have engaged in false and fraudulent representations of entitlements to unverified and unsubstantiated amounts of interest with the intent to deceive." Compl. at 12. But in addition to failing to name "the individuals" to whom he was referring, Plaintiff's rote incorporation of the phrase "color of state law" does not sufficiently allege that the private parties actually exercised power by virtue of state law. Accordingly, Plaintiff's § 1983 claims against the above-named Defendants are dismissed.

## II.      Other Claims

The Complaint additionally references multiple bases for additional claims, including the RICO Act, fraud upon the court, abuse of process, intent to do irreparable harm, insurance fraud, lack of jurisdiction, fraudulent misrepresentation, the False Claims Act, provisions regarding responding to the federal census, conspiracy, breach of contract,

6

breach of fiduciary duty, embezzlement, the Privacy Act Law, the Oklahoma Unfair Claims Settlement Practices Act, and collusion. To the extent Plaintiff attempts to bring federal law claims that fall within the Court's jurisdiction, he fails to provide any factual allegations sufficient to state plausible claims. And to the extent Plaintiff attempts to bring state law claims against either the state officials or the private parties, he fails to demonstrate that the Court has jurisdiction to hear such claims.  Accordingly, all of Plaintiff's remaining claims are also dismissed.

### III.    Conclusion

Because Plaintiff's Complaint is devoid of a factual basis for any cognizable claim against any named Defendant, the Court finds that it is meritless. Therefore, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint is hereby DISMISSED without prejudice.[3] Plaintiff may file an amended complaint within 14 days of this Order. If an amended complaint is not timely filed, this action will be dismissed with prejudice without further notice.

IT IS SO ORDERED this 28th day of April, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Defendant Maughan's pending motion to dismiss [Doc. No. 10] is hereby denied as moot.